# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Magdaleno Yabarra, | : | Case No. 3:05 CV 7354 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Plaintiff filed (1) Motions and an Amended Motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket Nos. 29, 30 & 32) and (2) Motion for Leave to Submit Appeals Council Decision (Docket No. 34). Defendant filed an Objection to the Plaintiff's Amended Fee Application (Docket No. 33). For the reasons set forth below, Plaintiff's Motions and Amended Motion for Attorney Fees are dismissed, without prejudice, and the Motion for Leave to Submit Appeals Council's Decision is granted.

## FACTUAL AND PROCEDURAL BACKGROUNDS

On October 25, 2001, Plaintiff filed applications for DIB and SSI alleging that he was a diabetic with discogenic and degenerative back disorders (Tr. 68, 598). His application was denied initially and

upon reconsideration (Tr. 76-79, 71-73, 588-591). Upon denial of his applications at the agency level, Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 69, 599). On December 17, 2003, an administrative hearing, at which Plaintiff and a Vocational Expert appeared and testified. On February 1, 2005, the ALJ, Yvonne K. Stam, rendered an unfavorable decision denying Plaintiff's claim (Tr. 16-28). The Appeals Council denied further review of the ALJ's decision (Tr. 7-9). Plaintiff then filed a timely action in this Court seeking judicial review of the Commissioner's determination.

Before the district court completed judicial review, the parties filed a joint stipulation for remand which became an order of the Court on February 16, 2007 (Docket No. 28). Within 30 days, Plaintiff filed a partial Motion for Attorney fees (Docket No. 29). Plaintiff amended the Motion for Attorney Fees by providing a complete itemization of his request for attorney fees (Docket No. 30). Defendant filed a Response objecting to the request for attorney fees (Docket No. 33).

On July 5, 2007, the Appeals Council published a Notice of Appeals Council Action in which it proposed that absent new and material evidence or persuasive arguments to the contrary, it was prepared to find that prior to February 6, 2002, Plaintiff was capable of light work activity and as of February 6, 2002, Plaintiff could not sustain full-time work and(Docket No 32, Exhibit 1). On August 31, 2007, the Appeals Council rendered a final decision adopting the terms of the notice of proposed action (Docket No. 34). On August 31, 2007, Plaintiff filed a Motion for Attorney Fees (Docket No. 32) and Defendant filed an Objection (Docket No. 33). Plaintiff filed a Motion for Leave to Submit the opinion of the Appeals Council (Docket No. 34).

## **EAJA STANDARD FOR AWARDING FEES**

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against

the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. 28 U. S. C. § 2412(b) (Thomson/West 2008). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson/West 2008). A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that:

> (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed.

28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008).

Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

## **DISCUSSION**

Initially Plaintiff made a partial request for fees within 30 days after the Court ordered that the case be remanded. He supplemented the filing twice with a complete itemization of services performed by his attorney. In addition to an award of attorney fees, Plaintiff seeks an order adopting the decision of the Appeals Council.

Defendant concedes that Plaintiff prevailed on remand; however, Plaintiff's Motions and Amended Motions for Attorney Fees have been prematurely filed since the order of remand is not a final appealable judgment. Defendant did not respond to Plaintiff's request that the Court adopt the Appeals Council's decision awarding disability to February 6, 2002, as a final appealable order.

Under EAJA, a final judgment is a judgment that is final and not appealable. 28 U. S. C. § 2412(d)(2)(G)(Thomson/West 2008). The United States Supreme Court has held that the "final judgment" which triggers the thirty-day filing period for an application for EAJA fees is a judgment rendered by a *court* that terminates the civil action for which EAJA fees may be received. *Melkonyan v. Sullivan,* 111 S. Ct. 2157, 2162 (1991). The term "final judgment" ... "does not encompass decisions rendered by an administrative agency." *Id*. Therefore, the timeliness of plaintiff's application for fees is not measured from the date of the Commissioner's decision on remand, but must be measured from the date of a court judgment. *Id*.

In the context of a sentence six remand, final judgment is not entered. *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 841 (6th Cir. 2006). The district court retains jurisdiction until the post-remand agency proceedings are complete. *Id.* (*citing Butts v. Barnhart*, 388 F. 3d 377, 384 n. 4 (2nd Cir. 2004)). The filing period for EAJA fees in a remand made pursuant to sentence six of 42 U. S. C. § 405(g) does not begin until after the post-remand proceedings are complete, the Commissioner returns to court, the court enters a final judgment and the appeal period runs. *Melkonyan,* 111 S. Ct. at 2165. A sentence six remand preserves a claimant's right to file a fee petition assuming the claimant prevails on remand. *Marshall,* 444 F. 3d at 841-842 (*citing Freeman v. Barnhart,* 274 F.3d 606, 610 (1st Cir. 2001)).

Here, the Magistrate entered an interlocutory order when the joint stipulation of remand was

adopted as an order of the Court. Such interlocutory order did not terminate the civil action. Thus, the thirty-day time period for filing an application was not triggered. The Motions and Amended Motion were prematurely filed and must be dismissed without prejudice.

Neither party objected to the Notice of Appeals Council Action nor the decision. Having reviewed the decision, the Magistrate finds no persuasive arguments why the Court should not adopt the decision of the Appeals Council. The Motion for Leave to Submit the Opinion of the Appeals Council is granted and the Decision of the Appeals Council is adopted as an order of this Court. Once the appeal period runs, Plaintiff may file a motion for attorney fees consistent with 28 U. S. C. § 2412(d)(1)(B).

For these reasons, Plaintiff's Application and Amended Application for fees (Docket Nos. 29, 30, 32) are dismissed without prejudice. The Motion for Leave to Submit the Opinion of the Appeals Council is granted and the Decision of the Appeals Council is adopted as an order of this Court and constitutes final judgment.

**IT IS SO ORDERED.**

/s/ Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Date: April 16, 2008