**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Magadaleno Ybarra, | : | Case No. 3:05CV07354 |
| Plaintiff, | : | |
| vs. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The matters before the Court are Plaintiff's unopposed Motion to Reopen case (Docket No. 40), Motion for Attorney Fees (Docket No. 41), Plaintiff's Supplemental Amended Motion for Attorney Fees (Docket No. 42) and Defendant's Response to the Motion for Attorney Fees (Docket No. 43). For the reasons that follow, the Magistrate grants Plaintiff's Motion to Reopen Case, denies the Motion for Attorney Fees and grants the Supplemental Amended Motion for Attorney Fees.

**I. PROCEDURAL BACKGROUND**

Plaintiff's claim for disability benefits was denied by the Administrative Law Judge (ALJ) on February 1, 2005. The Appeals Council denied review of the ALJ's decision (Docket No. 40, pp. 1-2 of 2). While this Court conducted judicial review, Plaintiff's second application for disability benefits was approved (Docket No. 40, p. 2 of 2). The Social Security Administration (SSA) determined that

Plaintiff became disabled on February 6, 2002 and that his first month of entitlement to benefits was August 2002 (Docket No. 40). The date of disability overlapped the period of entitlement to disability in the pending case (Docket No. 40). Pursuant to the sixth sentence of 42 U. S. C. § 45(g), the Magistrate approved the Joint Stipulation for Remand to the Commissioner to resolve the apparent conflict in the date of disability (Docket No. 28). The Appeals Council found that Plaintiff was disabled as defined under the Social Security Act since February 6, 2002, but not before that date (Docket No. 34). In addition to awarding benefits beginning in August 2002, SSA approved the fee agreement between Plaintiff and counsel and withheld $5,936.50 from the past due benefits (Docket No. 42, Exhibit 1).

The Court denied Plaintiff's initial request for attorney fees to be awarded pursuant to the Equal Access to Justice Act (EAJA) (Docket No. 39). Plaintiff requested that the Court reopen this case since SSA had approved his new application for benefits while the appeal of the ALJ's decision was appealed. In addition, Plaintiff requested that the Court order SSA to release the amount of $1,936.50 which was the balance of funds withheld from Plaintiff's past due award.

## II. MOTION TO REOPEN CASE

Plaintiff seeks an order reopening this case for purposes of authorizing payment of attorney fees arising from the underlying work before this Court. Specifically, he seeks (1) an order awarding attorney fees of $7,985 for services rendered related to the appeal under EAJA and (2) an order directing SSA to release the balance of the attorney fees of $1,936.50 retained pursuant to the retainer agreement. Because the Motion to Reopen was filed more than one year after the entry of judgment denying Plaintiff's motion for attorney fees, it is more properly construed as a motion for relief from judgment under FED. R. CIV. P. 60(b). *Kalamazoo River Study Group v. Rockwell International*, 355

2

F. 3d 574, 583-584 (6th Cir. 2004).

A motion for relief from judgment filed pursuant to FED. R. CIV. P. 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six specific reasons. *Stephens v. Astrue*, 2009 WL 936950 * 2 (N. D. Ohio 2009). These reasons include:

- (1) mistake, inadvertence, surprise, or excusable neglect;
- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
- (3) fraud
- (4) the judgment is void;
- (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
- (6) any other reason that justifies relief.

*Id.*

The party seeking relief under Ruled 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence. *Info-Hold v. Sound Merchandising,* 538 F. 3d 448, 454 (6th Cir. 2008) (*citing See Crehore v. United States,* 253 Fed. Appx. 547, 549 (6th Cir.2007) (unpublished) (*citing Jordan v. Paccar*, 1996 WL 528950, *9 (6th Cir. 1996); *Ty Inc. v. Softbelly's,* 517 F.3d 494, 498 (7th Cir. 2008)).

In the instant case, a court order is specifically required to ascertain whether Plaintiff's counsel is entitled to the balance of the money retained by SSA from the award of past due benefits. Incidentally, Plaintiff has filed a second request for an award of attorney fees under EAJA. The Magistrate finds that the resolution of these issues is good cause for reopening the case. Therefore, the Motion to Reopen is granted.

### III. MOTION FOR APPROVAL OF ATTORNEY FEES

Apparently Plaintiff is persuaded that the Court's decision to deny the award of attorney fees has no preclusive effect on his request for fees. The Magistrate has already denied a prior Motion for Attorney Fees in which Plaintiff sought an identical award for an identical reason from an identical Defendant for the identical time period. Defendant does not proffer an objection.

Pursuant to the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Board of Education*, 570 F.3d 775, 776 (6th Cir. 2009) (*citing Montana v. United States*, 99 S. Ct. 970, 973 (1979) (citations omitted). For res judicata to apply, the following elements must be present:

(1) a final decision on the merits by a court of competent jurisdiction;
(2) a subsequent action between the same parties or their "privies";
(3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
(4) an identity of the causes of action.

*Id.* (*citing Bittinger v. Tecumseh Products Company*, 123 F.3d 877, 880 (6th Cir. 1997)).

In this case, Plaintiff filed a Motion for Attorney Fees on May 14, 2008, requesting an award under EAJA for fees totaling $7,985. This amount represents services rendered beginning on August 10, 2005, and ending on May 14, 2008, with the submission of a fee petition (Docket No. 37, p. 5-7 of 7). The cause of action was against the Commissioner of Social Security. This Court entered a Memorandum Decision and Order denying that Motion (Docket No. 39). In this second Motion for Approval of Attorney fees totaling $7,985, the amount Plaintiff seeks is also representative of services rendered beginning on August 10, 2005 and ending on May 14, 2008 (Docket No. 41). This cause of action is against the Commissioner of Social Security.

The Magistrate finds that Plaintiff is precluded from relitigating issues that were raised and adjudicated by the Court against the same parties. The Motion for Approval of Attorney Fees is barred from review by res judicata.

4

### IV. SUPPLEMENTAL AMENDED MOTION FOR ATTORNEY FEES.

In this Motion, Plaintiff seeks an order directing SSA to release the monies earmarked for payment of attorney fees under the retainer agreement. Defendant did not object to the release or otherwise respond.

A federal statute empowers the Secretary and the federal court to fix attorney fees for services performed in connection with work done in Social Security cases. *Fantetti v. Astrue*, 2010 WL 6493687, *1 (S. D. Ohio 2009) (*citing* 42 U.S.C. § 406). Section 406(b)(1) provides that, for work done in a judicial proceeding, a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

*Id.* (*citing* 42 U.S.C. § 406(b)(1)).

On May 12, 2008, the SSA advised Plaintiff that from the past due benefits of $23,746 for August 2002 through January 2008, 25% or $5,936.50 had been withheld in contemplation that payment of authorized attorney fees would be made to Plaintiff's counsel (Docket No. 42, pp. 1-2 and Docket No. 42, Exh. 1, p. 3). SSA notified Plaintiff's counsel on May 1, 2009, that according to the fee agreement between counsel and Plaintiff, $4,000 had been paid and $1,936.50 was being retained pending authorization by the Court (Docket No. 42). The Magistrate orders that SSA pay counsel, Brian Ramsey, the remaining balance of $1,936.50 subject to applicable service charges, if any.

## V. CONCLUSION

The Magistrate grants the Motion to Reopen Case (Docket No. 40), denies the Motion for Approval of Attorney Fees (Docket No. 41) and grants the Supplemental Amended Motion for Attorney Fees (Docket No. 42).

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong<br>United States Magistrate Judge

Dated: June 27, 2011